HERMAN UNGER, SIEGMUND MEYERHEIM AND WILLIAM KEMPNER, RESPONDENTS, *v.* LIONAL JACOBS, APPELLANT.

*Parol evidence — as to verbal agreement, constituting the consideration of a writing — when admissible.*

The law does not exclude parol evidence to show the further agreement of one party, because that of the other has been reduced to writing. A written agreement having been signed by one party, parol evidence may be given of an agreement made by the other party, as a consideration of the written contract.

APPEAL from a judgment recovered on trial at the Circuit. The action was brought to recover the amount of a note, guaranteed by the defendant. The defendant offered to prove that the note was given in payment of certain goods sold; that part of the goods were inferior to sample, and that when the guaranty was made the plaintiff agreed to deduct the price of such inferior goods from the amount of the notes. This evidence was excluded.

*Cornelius A. Runkle*, for the appellant. The court erred in striking out the evidence of the defendant Jacobs. (*Jackson* v. *Jackson*, 5 Cow., 173; 2 Graham & Waterman on New Trials, 656–664; *McRaven* v. *McGuire*, 9 Smedes & Marshall, 34; *Rundell* v. *Butler*, 10 Wend., 119; *Hall* v. *Earnest*, 36 Barb., 585; *Quin* v. *Lloyd*, 41 N. Y., 355; 35 Barb., 585.) The evidence

stricken out affected the consideration only. (*Emmons* v. *Little-field*, 13 Me., 233; *Tyler* v. *Carlton*, 7 Greenl., 175; *Wallis* v. *Wallis*, 4 Mass., 135; *Wilkinson* v. *Scott*, 17 id., 249; *McCrea* v. *Purmort*, 16 Wend., 460; *Atty.-Genl.* v. *Purmort*, 5 Paige, 620; *Adams* v. *Hull*, 2 Denio, 306.) In this case, the consideration expressed in the guaranty was nominal, and it is considered as not expressed, and it may be proved by parol. (*Orms* v. *Ashley*, 4 Pick., 71; *Tingley* v. *Cutler*, 7 Conn., 291.)

*Richard S. Newcomb*, for the respondents.

DANIELS, J.:

The action was on an agreement executed by the defendant to the plaintiffs, in and by which, for the nominal consideration of one dollar, he guaranteed to them the prompt payment, at maturity, of two notes made by A. Rossman & Co., and particularly described in the agreement. With another defense contained in the answer, it was alleged that, at the time of the making and delivery of the agreement, the plaintiffs agreed with the defendant, in consideration thereof, to allow and deduct, or cause to be allowed and deducted, from the amount alleged to be owing on the notes, any and all claims which Rossman & Co. might have against Heidenheimer for or on account of the goods, wares and merchandise, for the price of which the notes were given. The answer then proceeded to show that Rossman & Co. had claims for the sum of $194, which, under the terms of the agreement, should be deducted from the notes; and the defendant, on the trial, gave evidence tending to prove the making of such an agreement by the plaintiffs, which was afterward stricken out by the court. The defendant then offered to prove the existence of the demands set up in the answer, but the evidence was excluded by the court. The decisions made on the exclusion of this defense were duly excepted to, and they present the only point in the case. In support of them, it has been urged that the evidence offered was in contravention of the terms of the defendant's agreement, and for that reason inadmissible.

But this was an unsound view to take of the case. For the law does not exclude parol evidence to show the stipulation of one party, because those of the other have been reduced to writing

Such evidence does not contradict or explain the writing, but shows that a further agreement was made by the other party to it. On its face, the instrument subscribed by the defendant contained nothing which the plaintiffs may have agreed to do, for the purpose of inducing its execution, neither did it show that no agreement, whatever of that nature had been entered into by them. The defendant's agreement, considered according to its legal effect, bound him to pay only what might prove to be due and owing on the notes at the time of their maturity. Payments before that time by himself, or the principal debtors, would have to be deducted in his favor. And that was the substance of the demand made by him upon the trial. The offer was to prove that the goods, for the sale of which the debt was created, were inferior in quality to the warranty made of them by the plaintiffs, and that they had agreed with the defendant to deduct the difference in their value from the amount of the notes. If he had been allowed to give the evidence, and it had supported his claim, it would have been attended with the same result, practically, as the payment of so much money. But if it was not competent on the ground of payment, it should have been received, because it would have shown that the agreement of the plaintiffs to make the deduction was, in part, at least, the consideration on which his guaranty was executed. And that could be inquired into by means of parol evidence. As it was proposed to prove it, the agreement on the part of the plaintiffs was, that they would make the deduction of what was due to Rossman & Co., because of the failure of the goods sold, by which the debt was created, to conform to the warranty made concerning their quality and condition, if the defendant would guaranty the payment of the notes, and proof of it would in no way contradict or explain the agreement entered into by the defendant. It would show what, in part, was its consideration without changing its obligation. He would still be bound for the prompt payment of the notes, while, at the same time, the plaintiffs would be obliged to deduct from their amount what Rossman & Co. should prove entitled to, from the defective quality of the goods sold. The instrument executed by the defendant was designed to contain only the agreement made by him, which did not preclude him from showing, what the plaintiffs had undertaken to do, by so much of the agree-

ment as was made on their part, for the purpose of securing the benefit of it to himself in the action. The same course was taken with the approval of the court in the case of *Batterman* v. *Pierce* (3 Hill, 171); and effect was given to an oral counter agreement for the purpose of defeating a recovery upon an indorsement, in the case of *Bookstaver* v. *Glenny* (3 N. Y. S. C., 248). This case has since been affirmed by the Court of Appeals, and must be regarded as definitely settling the law upon this subject, if it could otherwise have been regarded as doubtful or obscure. In principle, both these authorities were decided upon the point now relied upon in favor of the defendant. Evidence similar to that offered by him to make out his defense was received in them, and held to have been proper by the court, and that course should have been pursued upon the trial of the present action. The judgment recovered should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Davis, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.